In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00211-CV**
_____

**PATRICK COREY SULLIVAN, Appellant**

**V.**

**LEMONADE INSURANCE COMPANY, Appellee**

**On Appeal from the County Court at Law**
**Polk County, Texas**
**Trial Cause No. 23-CC-CV-0065**

**MEMORANDUM OPINION**

Pro se Appellant Patrick Corey Sullivan ("Appellant" or "Sullivan") appeals from a final order, wherein the trial court found that a Receiver was duly appointed to act for Sullivan and authorized to execute a Settlement Agreement, granted the entry of the settlement agreement, and the trial court dismissed all claims and controversies. We affirm.

Background

In June of 2023, Sullivan filed a Small Claims Court petition against his renter's insurer Lemonade Insurance Company ("Lemonade") in the Justice Court for Polk County, Texas. Therein, Sullivan alleged a bad-faith claim against Lemonade, claiming that Lemonade had refused to pay his property damage claim under his renter's insurance policy for fire damage to his personal property, and he sought damages in the amount of $40,000. Thereafter, the case was transferred to the Polk County Court at Law and assigned trial cause number 23-CC-CV-0065.

Lemonade filed an Answer asserting a general denial and affirmative defenses alleging that Sullivan's claim was barred by various policy exclusions. Lemonade alleged the fire marshal had determined that Sullivan should be arrested for felony arson because Sullivan intentionally set the fire. Lemonade also claimed that Sullivan had submitted fake and fictitious receipts to defraud the insurer; he had removed items from the property before investigators arrived; he intentionally concealed or misrepresented material facts; he failed to cooperate with Lemonade's investigation; and he made a false statement relating to his loss and his insurance.

The record includes Sullivan's Initial Disclosures, which include a copy of a police report that states, in part, that warrants for Sullivan's arrest for arson and criminal mischief were issued and that Sullivan was arrested on July 10, 2023. The record also includes a copy of a Fire Investigation Report prepared by Donan

Engineering who was hired by Lemonade. The Donan report states, in part, that "[t]he cause of the fire is not determined to a reasonable degree of scientific certainty; however, a human act, error, or omission cannot be ruled out as the cause of the fire."

On March 15, 2024, Paula Elliott, Carole Elliott-Futch, and Elliott Family Holdings, d/b/a Elliott Land Co. (collectively "Intervenors") filed Intervenors' Original Plea in Intervention. Therein, the Intervenors stated that Sullivan had filed three claims against the Intervenors, all the claims were dismissed, and the trial court had awarded attorney's fees to the Intervenors, which Sullivan had not paid.[1] The Intervenors asserted that the trial court had appointed a receiver (hereinafter, "Receiver") to collect the outstanding debt owed to Intervenors, including the attorney's fees, and they asked that, if Sullivan was awarded any monetary damages in the suit against Lemonade, that the money should be held in the trial court's registry until the Receiver could file the appropriate motions to convert the funds to be awarded to the Intervenors in satisfaction of Sullivan's outstanding debt. The record also includes a copy of an Order Appointing Receiver and Compelling Discovery signed by the trial court on February 6, 2024, naming Sullivan as the Judgment Debtor, and stating, in relevant part, that the Receiver was appointed

---

[1] Our appellate record does not include a description of Sullivan's claims against the Intervenors nor any additional information in that lawsuit.

pursuant to the Texas Turnover Statute, and that the Receiver shall have the right and power to collect all accounts receivable of Judgment Debtor, to endorse and cash all checks and negotiable instruments payable to Judgment Debtor, and to take possession of non-exempt property, including "causes of action or choses of action[.]" The record does not contain any objection or challenge by Sullivan to the Order Appointing Receiver and Compelling Discovery.

The Receiver filed a Notice of Appearance in Sullivan's case against Lemonade on April 2, 2024. On May 15, 2024, the Receiver filed a letter in the trial court stating that Lemonade and the Receiver had reached a settlement in trial cause number 23-CC-CV-0065. Sullivan filed three letters addressed to the court, each dated May 15, 2024, arguing that the Receiver lacked the authority to settle his lawsuit with Lemonade. The Receiver filed a letter with the trial court dated May 17, 2024, stating:

> As you are aware, I am the Receiver you appointed for Mr. Sullivan in Case No. CIV22-0361. The role of a Receiver is to take possession of and liquidate the non-exempt assets of the judgment debtor, here Mr. Sullivan, to the extent necessary to satisfy the Court's judgment. In this instance, the judgment to be satisfied is your judgment of September 1, 2022 in Case No. CIV22-0361 in favor of Ms. Carole Elliott-Futch, Ms. Paula Elliott and Elliott Family Holdings dba Elliott Land Co.

> As you may be aware, Mr. Sullivan files many letters and motions with this court and with all attorneys involved. Among his communications, he asserts that he suffers from mental illness. I am informed that the apartment or house where Mr. Sullivan resided burned at some time in the past, destroying all contents. I am also informed that Mr. Sullivan was arrested for arson and is awaiting trial.

I have concluded that Mr. Sullivan does not possess any non-exempt assets, except one. The one asset appears to be his claim against Lemonade Insurance for the damage and loss of personal property. As Receiver, Texas law allows me to resolve and settle claims by the judgment debtor, here Mr. Sullivan, against third-parties, such as Lemonade Insurance.

I have reached a settlement agreement with Lemonade Insurance for $4,000. Separately, Lemonade Insurance will shortly file a motion to approve the settlement agreement with a proposed order.

Mr. Sullivan objects to the settlement. He asserts that because the property lost constitutes exempt personal property, insurance proceeds to pay for personal property must also be exempt. It is my opinion that the insurance proceeds constitute payment by an insurance company pursuant to a non-exempt policy. Therefore, the proceeds would be non-exempt, subject to my control as Receiver. For these reasons, I respectfully ask you to overrule Mr. Sullivan's objections, and grant the motion to approve the settlement agreement. Once this is accomplished, I will distribute the funds to the judgment creditors, less Receiver fees, and then file a motion to close the receivership.

If you determine that the insurance proceeds should be treated as exempt, then you should deny the motion to approve the settlement agreement. I will then file a motion to close the receivership.

Also included in the record are letters to the trial court from Sullivan in which he alleges: the Receiver was overstepping his boundaries; the Receiver did not have power of attorney; the proposed settlement was far less than the "over 28k" Sullivan lost in personal property as a result of the fire; and home furnishings are protected as exempt property under section 42.001 of the Property Code.

On May 22, 2024, Lemonade filed a Motion to Enter Settlement Agreement. The motion states that Lemonade and the Receiver had reached a settlement, which

5

was executed on behalf of Sullivan by the Receiver pursuant to the trial court's Order Appointing Receiver and Compelling Discovery. The motion further states under section 31.002 of the Texas Civil Practice and Remedies Code ("the Texas Turnover Statute"), the Receiver was authorized to and did enter the settlement agreement on Sullivan's behalf. Attached to the motion is a copy of a Confidential Settlement Agreement and Release of All Claims, stating that Lemonade expressly disputes Sullivan's claims in the lawsuit and that Sullivan releases and discharges Lemonade from any and all claims related to the lawsuit for the total consideration to be paid in the amount of $4,000.

On May 31, 2024, the trial court signed an Order Granting Motion to Enter Settlement Agreement, and the trial court dismissed all claims and controversies and found that the Receiver was duly appointed to act as Receiver for Sullivan and authorized to enter the Settlement Agreement. Sullivan appealed.

## Issue

In a single issue, Appellant argues that because the contents of his home were exempt property under the Texas Property Code, the proceeds paid by the insurance company should also be exempt. Relying on Texas property exemptions, Appellant argues that the proceeds at issue in the underlying lawsuit stem from a settlement with his insurance company for its alleged failure to pay funds for damages to personal property in his home that resulted from a fire. *See* Tex. Prop. Code Ann.

6

§§ 41.001-002. Appellant argues that the trial court erred because it did not consider that the proceeds from the insurance company are to replace exempt property and that Appellant was not given the opportunity to explain to the trial court that the Receiver did not consider the value of the contents lost.

Analysis

Appellant was pro se in the trial court, and he is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (citing *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at *3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—

7

El Paso 2007, no pet.) (explaining that in a civil matter an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine if there was error).

In his brief on appeal, Appellant does not challenge the appointment of the Receiver, nor does he challenge the right of a duly appointed Receiver to take possession of a judgment debtor's cause of action. Instead, the Appellant cites to certain bankruptcy cases, fails to cite to the record in this case, and does not explain how the cases he cites apply to the facts in this case. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to cite to applicable legal authority and to the record); *Broussard v. Vicknair*, No. 09-21-00391-CV, 2023 Tex. App. LEXIS 9371, at *43 (Tex. App.—Beaumont Dec. 14, 2023, no pet.) (mem. op.); *Golden*, 2022 Tex. App. LEXIS 2988, at *9. Failure to meet briefing requirements waives error for appeal. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) ("a point may be waived due to inadequate briefing[]"); *Broussard*, 2023 Tex. App. LEXIS 9371, at *43. Even so, appellate courts should "'reach the merits of an appeal whenever reasonably possible[.]'" *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)).

Appellant relies heavily on *In re Carlew*, 469 B.R. 666 (Bankr. S.D. Tex. 2012). *Carlew* was a case in federal bankruptcy court and did not involve a turnover proceeding. *See generally id.* Carlew filed a voluntary Chapter 7 petition in

8

Bankruptcy Court and listed as an asset the proceeds from a claim under his insurance policy that he had for repairs to his home. *Id.* at 669. The proceeds listed in his bankruptcy were connected to the settlement of a lawsuit that Carlew had filed in state court before he filed his bankruptcy petition. *Id.* Carlew initially scheduled the full amount of the insurance proceeds as exempt, pursuant to section 1108.051 of the Texas Insurance Code. *Id.*; *see also* Tex. Ins. Code Ann. § 1108.051. The Bankruptcy Trustee filed an objection to the use of the Insurance Code exemption for the settlement proceeds. *Carlew*, 469 B.R. at 669. Carlew later filed an amended schedule that designated the exemption of the insurance proceeds as exempt pursuant to the homestead exemption under the Texas Property Code. *Id.* at 669-70; *see also* Tex. Prop. Code Ann. §§ 41.001-002. In its opinion, the bankruptcy court explained that if the insurance proceeds were exempt, there would be less funds available for distribution to creditors, but if the insurance proceeds were not exempt, then the Trustee would have more funds to distribute to creditors. *Carlew*, 469 B.R. at 672. Applying Texas homestead law, the bankruptcy court ruled that the insurance proceeds for repairs to his home were exempt property. *Id.* at 676-77.

Appellant does not explain why the bankruptcy case applies to the facts of his case, which unlike *Carlew*, involves a renter's insurance policy and a settlement of a bad faith claim. Generally, Sullivan argues the trial court in this case erred because

9

it "did not take into consideration that the proceeds from the insurance company are to replace exempt property."

The order appointing the Receiver states that the Receiver was appointed under the Texas Turnover Statute and that the Receiver has the power and authority to take possession of "causes of action or choses of action[.]" Sullivan did not object to the Order appointing the Receiver, and he has not challenged that order on appeal. Rather, Sullivan challenges the Order Granting Motion to Enter Settlement Agreement, wherein the trial court approved the settlement, found that the Receiver was duly appointed to act as Receiver for Sullivan and authorized to enter the Settlement Agreement, and dismissed the case.

We review a trial court's order pursuant to the Texas Turnover Statute under an abuse of discretion standard. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Sullivan bore the burden of proof in the trial court to establish that the proceeds from the settlement were exempt from turnover. *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 836 (Tex. App.—Houston [14th Dist.] 2023, no pet.).[2] Based on the record before us, the trial court could have concluded that the amount paid by

---

[2] *See also Pamplin v. Stephenson*, No. 04-21-00208-CV, 2023 Tex. App. LEXIS 2006, at *13 (Tex. App.—San Antonio Mar. 29, 2023, no pet.); *Fleming v. NASA Fed. Credit Union*, No. 04-21-00555-CV, 2023 Tex. App. LEXIS 287, at *6 (Tex. App.—San Antonio Jan. 18, 2023, no pet.) (mem. op.); *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 667 (Tex. App.—Dallas 2010, no pet.); *Lozano v. Lozano*, 975 S.W.2d 63, 67 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Lemonade was non-exempt property because the payment was paid to obtain a release and discharge of Lemonade from Sullivan's bad-faith claim. A duly appointed receiver may take possession over non-exempt assets to pay the proceeds to a judgment creditor. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(3) (under the Texas Turnover Statute, a court may appoint a receiver to take possession of nonexempt property to pay the proceeds to a judgment creditor to satisfy a judgment); *D&M Marine, Inc. v. Turner*, 409 S.W.3d 853, 858 (Tex. App.—Fort Worth 2013, no pet.) (concluding that an insured's potential claims against insurer for bad faith and failure to indemnify were proper subjects of a turnover order); *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.—Fort Worth 2006, pet. denied) ("[A] cause of action is property to which the turnover statute applies.").

We cannot say the trial court abused its discretion in entering the order approving the settlement and dismissing the claims, and we overrule Appellant's issue. *See Buller*, 806 S.W.2d at 226. Having overruled Appellant's issue, we affirm the trial court's order dismissing the lawsuit.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on September 17, 2024
Opinion Delivered September 26, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.